UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARTECIA NICHOLS & ARCHIE WILLIAMSON, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. |
| SEVERAL UNKNOWN DEPUTIES OF THE U.S. MARSHAL'S SERVICE; LONE STAR FUGITIVE TASK FORCE; & COMAL COUNTY SHERIFF'S OFFICE, | § § § § § § | SA-09-CV-0625 XR |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

TO:   Honorable Xavier Rodriguez
     United States District Judge

This report and recommendation recommends dismissing this case. Previously, the district judge referred to me the plaintiffs' motions to proceed *in forma pauperis* (IFP).[1] In considering the motions, I observed that this case is appropriately dismissed under 28 U.S.C. § 1915(e) because the plaintiffs' claims are time-barred.

Section 1915(e) provides for *sua sponte* dismissal of an IFP proceeding if the court finds that the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted."[2] This provision permits the court to dismiss those claims whose factual contentions are

---

[1] Docket entry #s 1 & 2.

[2] 28 U.S.C. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not

clearly baseless.³ Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.⁴ Similarly, it has been held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"⁵ Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

**The plaintiffs' claims**. Plaintiffs Artecia Nichols and Archie Williamson seek to sue unknown deputy marshals, the Lone Star Fugitive Task Force and the Comal County Sheriff's Office for violations of their civil rights under 42 U.S.C. § 1983 and for the state-law claims of assault and invasion of privacy. The plaintiffs allege that on August 2, 2007, deputies of the U.S. Marshal's Lone Star Task Force and Comal County Sheriff's Office arrived at their home with a warrant, seeking Nichols's brother. The plaintiffs complain that despite being told that the brother was not in the home, the deputies tackled Nichols to the floor and threatened to shot Williamson if he interfered.

**Whether the claims are time-barred**. "The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the

---

a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Fed. R. Civ. P. 12(b)(6)).

³*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

⁴*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997).

⁵*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

forum state."⁶ In Texas, the Texas Civil Practice and Remedies Code sets out statutes of limitations. That statute provides that claims must be brought "not later than two years after the day the cause of action accrues."⁷ Under Texas law, the statute of limitations begins to run when legal injury occurs.⁸

The plaintiffs' proposed complaint indicates that their injury occurred on August 2, 2007 when the deputies entered the plaintiffs' home. Consequently, the plaintiffs' injury accrued on August 2, 2007. The plaintiffs, however, did not seek leave to proceed IFP until August 4, 2009. That date falls outside the two-year period of limitations set out in the Texas Civil Practice and Remedies Code. As a result, the plaintiffs' section 1983 claim is barred by limitations. A claim that is time-barred fails to state a claim upon which relief may be granted.

The plaintiffs' state-law claims are also barred by limitations. The same two-year limitations period applies to a state-law assault claim. "The two-year statute of limitations begins to run against an assault . . . from the date the assault . . . occurred."⁹ Because the plaintiff alleged that Nichols was assaulted on August 2, 2007, the two-year limitations period began to

---

⁶*Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005).

⁷TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2006).

⁸*See FDIC v. Dawson*, 4 F.3d 1303, 1311 (5th Cir. 1993) (referring to "the longstanding Texas rule that the tort statute of limitations begins to run when the tort is committed, absent a statute to the contrary or fraudulent concealment"); *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977) (explaining that unless the discovery rules applies, "a cause of action generally . . . accrue[s] at the time when facts come into existence which authorize a claimant to seek a judicial remedy" and stating that in a personal injury case, "this means when the wrongful act effects an injury, regardless of when the claimant learned of such injury").

⁹*Marburger v. Jackson*, 513 S.W.2d 652, 655 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.).

run on that date. The assault claim is time-barred because the plaintiffs sought leave to file IFP more than two years after the date of the alleged assault—not until August 4, 2009.

Invasion of privacy "claims are governed by the general two-year statute of limitations applicable to actions for injury to the person. . . ."[10] The plaintiffs maintain the deputies invaded their privacy by searching their home on August 2, 2007. The two-year limitations period for the plaintiffs' invasion-of-privacy claim began to run on that date. The plaintiffs' invasion-of-privacy claim is barred because the plaintiffs sought leave to file IFP more than two years after the date of the alleged invasion of privacy—not until August 4, 2009.

**Recommendation**. I recommend dismissing this case under section 1915(e) because the plaintiffs' claims are time-barred. If the district judge accepts this recommendation, it can dismiss the plaintiffs' motions to proceed IFP (docket entry #s 1 & 2) as moot. To the extent the plaintiffs may complain about a lack of notice that the court is considering dismissal of this case, the plaintiffs should treat this report and recommendation as notice and respond in accordance with the following instructions.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[11]

---

[10] *Wood v. Hustler Magazine*, 736 F.2d 1084, 1089 (5th Cir. 1984).

[11] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[12] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[13]

**SIGNED** on August 24, 2009.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[12] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[13] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).