IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ARTECIA NICHOLS and ARCHIE WILLIAMSON, <br><br> *Plaintiffs*, <br><br> v. <br><br> SEVERAL UNKNOWN DEPUTIES OF THE U.S. MARSHALS SERVICE, LONE STAR FUGITIVE TASK FORCE, and COMAL COUNTY SHERIFF'S OFFICE, <br><br> *Defendants*. | § § § § § § § § § § § § § § Civil Action No. SA-09-CV-625-XR |

**ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this day, the Court considered the report and recommendation of the Magistrate Judge (Docket Entry No. 7). Upon Plaintiffs' institution of this lawsuit, the Court referred the case to the Magistrate Judge for initial consideration and for a ruling on Plaintiffs' motions to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Magistrate Judge then recommended that the Court dismiss Plaintiffs' claims, and upon acceptance of the report and recommendation by the District Court, dismiss Plaintiffs' motions to proceed *in forma pauperis*. Having considered the report, the Court accepts the Magistrate Judge's recommendation and DISMISSES this case. Plaintiffs' pending motions to proceed *in forma pauperis* (Docket Entry Nos. 1, 2) are DISMISSED as moot.

**Background**

Plaintiffs Artecia Nichols and Archie Williamson sought to file suit against Several Unknown Deputies of the U.S. Marshal Service, Lone Star Fugitive Task Force, and the Comal County Sheriff's Office. Nichols and Williamson allege that between 10:00 A.M. and 11:00 A.M. on

1

August, 2, 2007, Defendants knocked on the door of their residence in search of Octavius Williamson and his toddler son.[1] Plaintiffs allege that Defendants presented them with a document, forced their way in to the home, tackled Nichols and handcuffed her in front of Archie Williamson. Plaintiffs sought to bring claims pursuant to 42 U.S.C. § 1983, assault and invasion of privacy, and a *Bivens* action against the federal agents.

## Procedural History

On August 4, 2009, Artecia Nichols and Archie Williams filed motions to proceed *in forma pauperis*. The district court referred the motions to the Magistrate Judge, who issued a report and recommendation on August 24, 2009. The Clerk sent Plaintiffs individual copies of the Magistrate Judge's report. On September 8, 2009, and September 11, 2009, the U.S. Postal Service returned the copies, citing failed attempts to deliver the mail and an insufficient address. The Court acquired updated addresses for the Plaintiffs and the Clerk again sent a copy of the Magistrate Judge's report and recommendation to each of the Plaintiffs on September 24, 2009. On October 15, 2009, the Clerk received a certified mail acknowledgment receipt, which indicated that Archie Williamson's copy of the report had been received. On October 22, 2009, the U.S. Postal Service returned Artecia Nichols's copy, stating that it was unclaimed and that the Postal Service was unable to forward it.

## Legal Standard

In reviewing the Magistrate Judge's recommendation, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a plaintiff has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those

---

[1] Plaintiffs Artecia Nichols and Archie Williamson are half-siblings. Octavius Williamson is their brother. Plaintiffs state that Octavius had allegedly overstayed the visitation with his toddler son.

2

portions of the report or specified proposed findings or recommendations to which objection is made."). As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law. *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989). A party may serve and file objections to the order within ten days. FED. R. CIV. P. 72(a), (b)(2).

**Analysis**

Plaintiffs have not objected to the Magistrate Judge's report and recommendation,[2] and the time to do so has expired.[3] As a result, the Court need only review the report and recommendation to determine whether it is clearly erroneous or contrary to law. As required by 28 U.S.C. § 1915, the Magistrate Judge has screened Plaintiffs' complaint to determine if it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

The Magistrate Judge concluded that the claims should be dismissed because the statute of limitations has expired. Section 1983 and *Bivens* claims are determined by the law of the forum state, and Texas law establishes a two-year limitations period from the day the cause of action has

---

[2]The same report and recommendation refers to both Plaintiffs' motions to proceed in forma pauperis and their single proposed complaint.

[3]Service by mail occurs on the date the document was mailed. *See* FED. R. CIV. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing . . . ."). The Court mailed the documents to Plaintiffs' last known address on August 24, 2009. As a result, Plaintiffs' objections were due on September 8, 2009 (also accounting for a federal holiday). *See* FED. R. CIV. P. 72(a), (b)(2) (establishing ten-day deadline to object to magistrate judge's report and recommendation); FED. R. CIV. P. 6(a) (regarding computation of time). When the Clerk resent the documents on September 24, 2009—and treating that as a new date of service—Plaintiffs' objections were due on October 8, 2009. The Court notes that the copy addressed to Archie Williamson was picked up prior to October 15, 2009.

accrued. *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) (Section 1983 claims); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999) (*Bivens* claims); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2006). The same two-year limitations period applies to claims of assault and invasion of privacy. *See Marburger v. Jackson*, 513 S.W.2d 652, 655 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.) (assault); *Wood v. Hustler Magazine*, 736 F.2d 1084, 1089 (5th Cir. 1984) (invasion of privacy). A cause of action accrues on the day the events in question occur. *See Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977).

Plaintiffs allege that the events resulting in their claims occurred on August 2, 2007. They filed their motions to proceed *in forma pauperis* on August 4, 2009, more than two-years after the causes of actions accrued. The Magistrate Judge's determination that Nichols and Williamson's claims are time-barred is not contrary to law nor clearly erroneous.

## Conclusion

The Court hereby accepts the report and recommendation of the Magistrate Judge, DISMISSES Plaintiffs' claims, and DISMISSES Plaintiffs' motions to proceed *in forma pauperis* as moot.

It is so ORDERED.

SIGNED this 4th day of November, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE